(115 N. W. 834.)

---

JOHANNA ROSS, ET AL., v. JAMES R. PRANTE, ET AL.

Opinion filed March 20, 1908.

**Drains — Constitutional Law.**

1. Following Tyler v. Shea, 4 N. D. 278, 61 N. W. 468, 50 Am. St. Rep. 660, *held,* that there is no violation of any constitutional provision, in having damages to real estate, resulting from the construction of a drain, assessed by a jury, and the benefits to the same property assessed by the drain commissioners.

**Same — Assessment of Benefits — Jury.**

2. Chapter 23, Rev. Codes 1905, known as the "Drainage Law," does not contemplate the assessment of benefits from the construction of a drain by a jury.

**Same — Judgment — Res Judicata.**

3. A judgment for damages, and condemning a right of way for a drain under chapter 23, Rev. Codes 1905, in an action in which no benefits were considered, does not preclude the drain commissioners from assessing benefits.

Appeal from District Court, Ransom County; *Allen, J.*

Action by Johanna Ross and others against James R. Prante and others. Judgment for defendants, and plaintiffs appeal.

Affirmed.

*T. A. Curtis* and *O. S. Sem,* for appellants.
*Rourke, Kvello & Adams,* for respondent.

SPALDING, J. This is an appeal from an order of the district court sustaining a general demurrer to the appellants' complaint. The complaint is for an injunction restraining the respondents, as the board of drain commissioners of Ransom county, from levying or assessing any benefits to the premises described, by reason of the construction of a certain drain or ditch, against said premises, and the county auditor from extending a tax therefor upon the tax books of Ransom county. As far as the allegations of the complaint are material to a consideration of the demurrer, it alleges ownership of the real estate described, and that on the 19th day of July, 1906, the said board of drain commissioners commenced an action to condemn a right of way across the premises described and other lands, to which complaint the defendants therein answered, alleging damages by reason of said drain or ditch and the construction thereof over, across, and upon said premises; that on the 30th day of August, 1906, all the issues involved in said action were tried and submitted to the court and the jury, and the jury returned a verdict in favor of the plaintiffs therein for $25 for the value of the land taken for said ditch, but assessed no damages or benefits by reason of the construction of said drain or ditch over, across, and upon said premises; that judgment was thereafter entered upon said verdict; that, notwithstanding such verdict and judgment, the said board of drain commissioners threaten to levy an assessment against the premises described for benefits by reason of the construction of said drain, and that the defendant Ferguson as auditor threatens to extend such assessments for benefits levied by said drain commissioners upon the tax books of Ransom county, against said premises, unless restrained by the court; and that the same will become a cloud on their title, and that they will suffer irreparable injury, etc. To this complaint the defendants interposed a general demurrer, which on argument was sustained by the district court.

It is contended by appellants that the judgment in the former case precludes the board of drain commissioners from assessing any benefits which it may determine accrue to the land belonging to appellants by reason of the construction of the drain. The respondents insist that such is not the law, and that the board can still assess the benefits, and the auditor extend the tax, against the premises for its share of the burden of its construction. This court held in Tyler v. Martin, 4 N. D. 278, 300, 60 N. W. 392, 400, that "there is no violation of any constitutional provision, and no possibility of injustice to the property owner, in cases of this character, in having the total damages assessed by the jury, and having benefits assessed and the balance struck by the other tribunal, the drain commissioners." So the constitutional right of the parties under such holding, in this case, are not infringed if the benefits were not submitted to the jury. The question seems to be whether, from the complaint, it will be conclusively presumed that all the questions as to damages and benefits were in issue and submitted to the jury, and the judgment entered upon the verdict covered the same. From an inspection of the drainage law, contained in chapter 23, Revised Codes 1905, we are led to conclude that the method of acquiring the right of way by condemnation proceedings for any proposed drain is the same as for acquiring the right of way for other purposes, except in so far as the drainage law contemplates a different method of procedure. From an inspection of that law we find nothing except the reference contained in section 1826, and the provisions of section 1823, which in any manner appears to indicate that in condemnation proceedings for this purpose a submission of the question of benefits should be made to the jury. Section 1826 provides: "Upon acquiring the right of way, if the assessments of the benefits has not already been made under the provisions of section 1824, the board of drain commissioners shall assess the per cent of the cost of constructing," etc. Section 1824 contains nothing referring benefits to the jury or the court, but provides that, upon assessment by the jury, court, or referee of the amount of damages to which the respective owners of the right of way are entitled, warrants may be issued, etc., and that from the proceeds shall be paid into court, for the benefit of the owners of the right of way, the amount to which each is entitled according to the assessment of damages, and how, in case the money necessary to pay said damages cannot be raised by sale

of the warrants, it shall be raised by special tax. It will be seen that this makes no reference to or provision for the jury assessing benefits. Section 1823 authorizes the acquiring of the right of way for drains in such manner as may now or hereafter be prescribed by law. Must the courts infer that the legislature intended to read into section 1824 the general law regarding the right of eminent domain and the method of procedure thereunder? In view of another complete method applicable to drains having been provided subsequent to the enactment of the law relating to acquiring right of way for other purposes, we think no such inference can properly be drawn from this reference. The later law provides a separate method for assessing the benefits, which is inconsistent with the provisions of the general law regarding eminent domain, and in our judgment is much more practical, and a much more effective and adequate method than the one contained in the other law would furnish for this purpose. It provides in sections 1826 and 1827 for the assessment of benefits by the drain commissioners, and their apportionment to the lands benefited, and the return of such assessments to the county auditor. Other sections provide for a review of the benefits assessed and of the apportionment of the cost of the drain.

The appellants argue that, because section 7595, Revised Codes. 1905, provides that all the issues involved in an action must be submitted to and determined by the jury, we must assume that the question of benefits was in issue in the former case, and submitted to the jury, and especially so in view of the fact that the complaint in this case alleges that all the issues involved in said action were tried and submitted by the court to the jury. No issues were formed as to benefits, and the complaint expressly states that the jury assessed no damages or benefits by reason of the construction of the drain over, across, and upon appellants' premises. This eliminates entirely from any possible consideration by the court any question of fact as to the benefits having been submitted to the jury. We are of the opinion that a fair consideration of the drainage law warrants the conclusion that it was not contemplated that the question of benefits should be submitted to the jury and that the supreme court would not be justified in holding this question res adjudicata, but that, on the contrary, it could not properly have been in issue in the former case. We are fortified in the opinion by consideration of some reasons which appear clearly applicable.

The benefits of a drain usually extend to land for several miles, and apply to different parties. If the jury were to consider the benefits applicable to the property of one owner alone, as would be necessary in a case like the one in question, it would have to know the requirements necessary to carry off the water from the particular tract, and ascertain the size of the drain, its slope, and its length, the requirements of all the other tracts affected, and many other facts which it is utterly impracticable to present to a jury, but which the board of drain commissioners, and their legal assistants, some of whom must be experts, can much more readily ascertain. It must be disclosed whether the capacity of the drain is sufficient to carry off all the water, or only a part, from the given tract, and how a lack of drainage affects the health of the community and of all the beneficiaries. Of these things no jury can arrive at an intelligent and practical idea in the short time necessary to the trial of the action in court. Each parcel of land would have to be treated independently of the other tracts affected; whereas we construe the law as attempting to provide for a general scheme of benefits in which the whole territory affected and all the other elements mentioned must be taken into consideration. When the damage to the land is first ascertained and paid, then all the parties affected stand on an equality. The law regarding eminent domain also supports this theory. Section 7595, Revised Codes 1905, provides what is to be done in case damages are equal to or greater than the benefits, but makes no provision where the benefits are greater than the damages. This latter is a self-evident possibility, and can be taken into consideration by the drain commissioners under the drainage law.

We are of the opinion that the trial court did not err in sustaining respondents' demurrer, and the order is affirmed. All concur.