SVEN HESKIN, K. T. Peterson, and Hans Kringlen, as the County Board of Drain Commissioners of Traill County, North Dakota, v. PETER HERBRANDSON, Ervin A. Anderson, Peter C. Smith, Karoline B. Howland, Herbrand Haugo, Matilda Swenson, Martin Hauge, Clara Vinge, Melvin O. Vinge, and Egger Vinge, Defendants. Peter Herbrandson, Ervin A. Anderson, Peter C. Smith, Katharine B. Howland, Appellants.

(130 N. W. 836.)

**Drains — Eminent Domain — Determining Compensation — Allowance of Benefits.**

1. Following the rule in Ross v. Prante, 17 N. D. 266, 115 N. W. 833, *held* that chapter 23, Revised Codes 1905, does not authorize the jury to consider the benefits to the tract of land about to be condemned, in determining full compensation. The duty of the jury is to ascertain the full damages. The benefits are to be determined by the board of drain commissioners.

Note.—Procedure for establishment of drains and sewers, see note in 60 L.R.A. 161.

**Eminent Domain — Condemnatory Proceedings — Compensation.**

2. If, for any reason, the jury determines the amount of the said benefits,. the trial court should disregard such determination as surplusage, and order judgment for the amount of the full damages, if the amounts can be separated..

**Eminent Domain — Condemnation Proceedings — Compensation — Allowing. Benefits.**

3. In this case the jury found the full damages to the tract sought to be·· condemned, and made an independent finding as to the amount the tract was·· benefited. It was the duty of the trial court to order the entry of judgment for· the amount of the full damages.

Opinion filed February 8, 1911.

Appeal from District Court, Traill county; *Pollock, J.*

Condemnation proceedings by Sven Heskin and others, as the county board of drain commissioners of Traill county, against Peter Herbrandson and others. From the award, certain defendants appeal.

Modified.

*P. G. Swenson* and *Engerud, Holt, & Frame,* for appellants.

*Theo. Kaldor* and *Charles A. Lyche,* for respondents.

BURKE, J. The plaintiffs, the board of drain commissioners of Traill county, North Dakota, prosecuted this action to condemn lands for a right of way for Mikkelson drain No. 13. The trial resulted in a finding by the court that there was a necessity for the drain, and a special finding by the jury determining in separate items the amount of the damages to the several tracts and also the amounts that each tract had been benefited by the drain. The proceedings are conceded to have been regular to this point. After the return of the findings by· the jury, the board asked that judgment be entered in favor of the landowners for the *net* damages; to wit, the difference between the damages and the benefits; while the landowners contended that they were entitled to the full damages found by the jury, and that the determination of the benefits was a matter properly to be considered later by the board of drain commissioners. The trial court subtracted the amount of the benefits of each tract from the damages to said tract,.

and ordered judgment entered for the difference. From this order an appeal has been taken to this court.

Section 1826, Revised Codes 1905, reads that "upon acquiring the right of way . . . [they, the drainage board] shall assess the per cent of the cost of constructing and maintaining such drain, etc.," and (§ 1831) "shall make a list showing the amount which each . . . tract of land benefited by the drain . . . is liable to pay, . . . and the auditor shall thereupon extend upon the tax lists as a special tax, . . . the several amounts shown by the drain commissioners' lists."

Construing the above sections, Judge Spalding, in the case of Ross v. Prante, 17 N. D. 266, 115 N. W. 833, says: "We are of the opinion that a fair construction of the drainage law warrants the conclusion that it was not contemplated that the question of benefits should be submitted to the jury. . . . We are fortified in the opinion by consideration of some reasons which appear clearly applicable. The benefits of a drain usually extend to land for several miles, and apply to different parties. If the jury were to consider the benefits applicable to the property of one owner alone . . . it would have to know the requirements necessary to carry off the water from the particular tract, and ascertain the size of the drain, its slope, and its length, the requirements of all the other tracts affected, and many other facts which it is utterly impracticable to present to a jury."

These, and other reasons advanced in said opinion, make it clear that the legislature did not intend that the jury in the condemnation suits should consider the benefits to the various tracts. If it were necessary to add to the reasons already given, is it possible to imagine a case where the benefits to one farm are greater than the entire cost of the drain? It will not be seriously contended that the owner of such farm must lose his award of damages for land taken, while his neighbors, not being parties to the suit because not touched by the drain, escape although equally benefited.

Any drain, if properly constructed, should yield benefits many times its cost. Lands many miles back are benefited. The owner of land taken for right of way is entitled to just compensation for the land taken from him, and he is not required to donate his benefits. If he pays his just proportion of the *cost of the drain,* he is entitled to all the new wealth created thereby upon his lands.

One other question arises. The drain board claims that submission of the question of benefits to the jury tended to confuse the issues, and resulted in a finding of excessive damages. This is only conjecture. This appeal is from the order of the trial court in entering judgment upon the verdict. No statement of the case has been settled, and the board has not appealed. The question is therefore not properly before us; but from the verdict we learn that the jury allowed $35 per acre for the land actually taken, and additional amounts for damages done to the remaining farm. The verdict was probably well supported by evidence, and those amounts do not seem excessive.

The trial judge should have treated the finding of the jury as to the several items of benefits as surplusage, and ordered judgment for the full amounts of the damages found.

The order appealed from is modified to conform to this opinion.

Appellants will recover their costs.

All concur, except MORGAN, Ch. J., not participating.